UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff/Respondent, ) | No. 2:19-CR-45-DLB-MAS |
| ) | No. 2:21-CV-47-DLB-MAS |
| v. ) | |
| ) | |
| DONALD EUGENE BARGA, ) | |
| ) | |
| Defendant/Movant. ) | |

## REPORT AND RECOMMENDATION

Defendant/Movant Donald Eugene Barga ("Barga") filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence on April 2, 2021. [DE 39]. Judge Bunning referred the motion to the undersigned for a report and recommendation. Perceiving the motion as likely time-barred, the Court ordered briefing limited to the issue of timeliness and/or equitable tolling, as applicable. [DE 41]. The Government responded, arguing that Barga's motion is, indeed, time barred. [DE 44]. Barga also responded, arguing equitable tolling should apply in his case.

Upon review of the motion and responses, the Court recommends dismissal of Barga's § 2255 motion as untimely and equitable tolling unavailable in this case. The Court further recommends that the District Court decline to issue a certificate of appealability because the timeliness issue is not reasonably debatable.

### I.   RELEVANT BACKGROUND

On June 13, 2019, the grand jury indicted Barga on one count of being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1). [DE 1; Superseding Indictment at DE 17]. Two months later, Barga pleaded guilty to the single count Indictment before District Judge David Bunning. [DE 29]. There was no written plea agreement. On December 16, 2019, Judge Bunning

sentenced Barga to a term of imprisonment of 70 months, with a period of three years' supervised release to follow, and entered the Judgment the same day. [DE 39]. Barga did not file a direct appeal. He filed the instant § 2255 motion on April 2, 2021. [DE 39]. In his motion, Barga makes the following four claims for relief, all couched as ineffective assistance of counsel: "investigative failures and failures to know the relevant law respective to the Sufficiency of the Evidence"; "Counsel's failure in the plea agreement process, failing to obtain a minimum sentencing agreement in an 11(c) plea"; "failures of Counsel in preparation for Sentencing, conduct at Sentencing, and failure to Give Notice Appeal at Sentencing"; "failure to Submit a Direct Appeal." [DE 39 at Page ID # 102-6].

## II.    ANALYSIS

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner may obtain relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *See Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003).

In addition, strict time limitations apply to motions to vacate, set aside, or correct a sentence. Section 2255 provides in relevant part:

(f)    A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of

(1)    the date on which the judgment becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Barga admits his motion was not filed within one year of the date on which his judgment became final.[1] As noted, the Court entered Barga's Judgement on December 16, 2019. Barga's time to file a direct appeal expired on December 30, 2019. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed."). Thus, Barga had until December 30, 2020, by which to file a timely § 2255 motion pursuant to § 2255(f)(1).[2] Recognizing his untimeliness, Barga argues equitable tolling should apply to his § 2255 motion.

Because the AEDPA statute of limitations is non-jurisdictional, equitable tolling of the limitations period may apply in appropriate § 2255 cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Shelton v. United States*, 800 F.3d 292, 295 (6th Cir. 2015). But the doctrine is properly "used sparingly[,]" and "[t]he party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). A petition may be equitably tolled only if the petitioner demonstrates both that "he has pursued his rights diligently" and that "some extraordinary circumstance prevented timely filing." *Id*. The Court evaluates an equitable tolling request under this two-part framework. *Hall v. Warden*, 662 F.3d 745, 749–50 (6th Cir. 2011).

---

[1] The so-called "prison mailbox rule" states that the date of filing for an incarcerated petitioner is "when the petitioner delivers his pleading to prison authorities for forwarding to the court clerk." *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002). For this reason, the § 2255 motion form (AO 243) that Barga utilized to files his claims has a space for the petitioner to sign and date, certifying when he placed the motion in the prison mailing system, which Barga did on April 2, 2021.

[2] Barga does not argue that (f)(2)-(4) apply to his motion.

Barga addresses the second inquiry—that extraordinary circumstances prevented timely filing—in his motion and his response to the Court's Order requiring him to address timeliness in additional detail. Barga lists the following "[f]actors in support of equitable tolling":

> 1. COVID lockdown at FMC Lexington began on April 1, 2020.
>
> 2. As of the date of this submission, FMC Lexington remains on medical lockdown with small adjustments to allow for inmate workers to attend to prison needs.
>
> 3. The Law Library facility at FMC Lexington was unavailable to Petitioner from April 1, 2020 up to the beginning of March, 2021.
>
> 4. The Law Library access for Petitioner, based on Housing Unit has permitted Petitioner roughly two hours of research time per week since March 1, 2021.
>
> 5. Petitioner's original request for 2255 forms and instructions for transcripts was apparently lost in the mail (election/holiday mail time).
>
> 6. Due to incoming mail security (COVID and introduction of contraband) other papers like Indictment and Judgment being sent by Petitioner's wife were mistakenly rejected by the mail room three different times.
>
> 7. Petitioner contracted COVID-19 and was in quarantine at the time of the one-year mark after Sentencing.
>
> 8. Since release from quarantine, Petitioner has suffered ongoing COVID symptoms, to include concentration and thinking difficulty.
>
> 9. Petitioner is currently relying on another inmate for typing help and guidance with Law Library material, and he too was infected with COVID and still has symptoms.

[DE 39 at Page ID # 109]. Barga expounded on these facts in his response at DE 45, and included affidavits in support of his case for equitable tolling. In general, Barga argues that the COVID-19 pandemic resulted in extreme lockdown measures at the prison where he is housed, which meant he had little to no access to the law library, education materials, and mail matter for most of 2020, and that these limitations prevented Barga from timely filing his § 2255 petition. Barga also notes he contracted COVID-19 in December 2020 and was ill and quarantined at the time his one-year statute of limitations passed.

The United States does not dispute these facts. The Court is aware that the federal prisons have experienced significant COIVD-19 outbreaks and lockdowns that have impacted incarcerated individuals' ability to file documents with the Courts with the same ease as prior to the pandemic. However, this is insufficient to warrant relief in Barga's case. Importantly, Barga cannot show that he diligently pursued his rights. He offers no explanation for failing to file an appeal, a § 2255 motion, or otherwise correspond with this Court or the Sixth Circuit in the three and a half months between his sentencing on December 16, 2019, and the beginning of the lockdown at his prison facility on April 1, 2020.

Barga's argument that it was impossible for him to access court records and the §2255 form during the lockdown that persisted through March 2021. This argument is specious in light of Barga's other assertion that he requested § 2255 forms from the Court in November 2020, but did not receive them. Although the Court has no record of this request, the Court admits the possibility that his request was lost in the mail or otherwise not received. However, if Barga was able to make this request in November 2020, he provides no explanation as to why he could not make the same request (or file his § 2255 motion) earlier in 2020—especially prior to his facility's lockdown.

The Eastern District of Missouri addressed this issue in a similar case, citing several other courts that agree:

> Courts have concluded that the COVID-19 pandemic "could—in certain circumstances—conceivably warrant equitable tolling" for § 2255 motions. *United States v. Haro*, No. 8:18CR66, 2020 WL 5653520, at *4 (D. Neb. Sept. 23, 2020). These "certain circumstances" involve defendants who had been pursuing their rights diligently and would have timely filed if not for external obstacles caused by COVID-19.
>
> In several cases, § 2255 petitioners have sought equitable tolling due to prison lockdowns and the closure of prison law libraries as a result of COVID-19. In those cases, "prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion" prior to the lockdown. *United States v. Lionel Thomas*, No. CR 18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020); *see also United States v. Barnes*, No. 18-CR-0154-CVE, 2020 WL

5

4550389, at *2 (N.D. Okla. Aug. 6, 2020) (assuming a COVID-19-related lockdown "delayed defendant's ability to file his motion," but concluding equitable tolling was unwarranted because the defendant did not demonstrate he diligently pursued his claims).

*Taylor v. United States*, No. 4:20-CV-1489-HEA, 2021 WL 1164813, at *3 (E.D. Mo. Mar. 26, 2021). Barga has failed to demonstrate he diligently pursued his right to file a § 2255. His general arguments about lockdown and lack of access to the law library are insufficient to justify equitable tolling. *Andrews v. United States*, No. 17–1693, 2017 WL 6376401, at * 2 (6th Cir. Dec. 12, 2017) ("Courts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition"). More importantly, Barga failed to demonstrate that, even before "COVID-19 manifested in the United States in mid-March 2020," he diligently pursued his claims. *Taylor*, 2021 WL 1164813 at *2.

### III.   EVIDENTIARY HEARING IS UNNECESSARY

Barga does not request a hearing on his § 2255, and the Court finds that a hearing is unnecessary. The Court must hold a hearing where the petitioner raises a factual dispute underlying his claims. *See Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018). There is no factual dispute as to the timeliness of Barga's motion, which is the dispositive issue in this matter. And although an allegation—when timely made, of course—that counsel failed to file a notice of appeal in derogation of the petitioner's actual request to file such a notice typically requires an evidentiary hearing, Barga does not allege that he ever requested his trial counsel file a notice of appeal.[3] *See Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999) ("Where there

---

[3] The Court notes Barga was advised of his appeal rights and signed the Court's Advice of Appeal Rights at his sentencing. [DE 34].

6

is a factual dispute, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims."); *United States v. Balcewicz*, No. 11-cr-20321, 2014 WL 4906362, at *8 (E.D. Mich. Sept. 30, 2014) (finding an amendment to a § 2255 to present a claim of failure to file an appeal untimely pursuant to AEDPA and Rule 15(c)); *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000) ("Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."). Thus, Barga's untimely § 2255 petition does not require the Court to conduct a hearing.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Reasonable jurists could not debate whether Barga's § 2255 motion should be dismissed as time-barred. The Court thus recommends that the District Court deny any COA.

## V. CONCLUSION

For the reasons here discussed, the Court RECOMMENDS that the District Judge DENY Barga's § 2255 motion [DE 39], because the motion is time-barred. The Court further recommends

7

that the District Judge decline to issue a Certificate of Appealability. The Clerk SHALL serve a copy of this recommendation on Barga.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. As defined by § 636(b)(1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this 28th day of December, 2021.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge