**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 19-45-DLB-MAS**
**CIVIL ACTION NO. 21-47-DLB-MAS**

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**


**v.**            <u>**ORDER ADOPTING RECOMMENDED DISPOSITION**</u>


**DONALD EUGENE BARGA**                                              **DEFENDANT**

*** *** *** ***

This matter is before the Court on Magistrate Judge Matthew Stinnett's Report and Recommendation (R&R) (Doc. # 46), wherein he recommends that Defendant Donald Barga's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. # 39) be denied as time-barred.  Defendant, proceeding *pro se*, filed Objections to the Report and Recommendation (Doc. # 48), to which the United States did not respond. *See* 28 U.S.C. § 636(b)(1)(C); LR 72.2.  The time for doing so having passed, the Report and Recommendation and Objections are ripe for review.  For the reasons set forth below, Defendant's objections are **overruled** and the Report and Recommendation is **adopted** as the findings of fact and conclusions of law of the Court.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

In 2019, Barga, a previously convicted felon, was indicted for possession of two firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Doc. # 17).  On August 22, 2019, Barga pled guilty to the single count in the superseding indictment without a written plea agreement with the Government.  (Doc. # 29).  On December 16, 2019, Barga was

sentenced to a total term of imprisonment of seventy months, followed by three years of supervised release. (Doc. # 35 at 2-3).

On April 5, 2021, Defendant Barga, proceeding pro se, filed a Motion to Vacate under 28 U.S.C. § 2255. (Doc. # 39). In his Motion to Vacate, Barga contends that his trial counsel failed to provide effective assistance by: (1) refusing to investigate the sufficiency of the evidence underlying the charges, (2) failing to obtain a plea agreement, (3) failing to properly prepare for Barga's sentencing, and (4) failing to file a direct appeal. (*Id.* at 4-8). Barga's motion was filed more than a year after his conviction became final, and therefore, he argues that equitable tolling requires the Court to consider his motion. (*Id.* at 10-11).

## II.   REPORT AND RECOMMENDATION

In Judge Stinnett's Report and Recommendation ("R&R"), he concluded that Barga's § 2255 Motion was untimely and equitable tolling was unavailable. (Doc. # 46 at 1). Judge Stinnett determined that Barga's judgment became final on December 30, 2019. (*Id.* at 3); *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals . . . ."). Thus, pursuant to § 2255(f)(1), which establishes a one-year statute of limitations for the filing of § 2255 motions, Barga was required to file his § 2255 Motion by December 30, 2020. (*Id.* at 2-3).

While Judge Stinnett acknowledged that equitable tolling of the limitations period is available under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), it is "used sparingly[,]" and "[t]he party seeking equitable tolling bears the burden of proving he is

entitled to it." (*Id.* at 3) (quoting *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010)). In order to demonstrate that equitable tolling is applicable, petitioner must illustrate two elements—"that 'he has pursued his rights diligently' and that 'some extraordinary circumstance prevented timely filing.'" (*Id.*) (quoting *Robertson*, 624 F.3d at 784). In Barga's § 2255 Motion, he "argues that the COVID-19 pandemic resulted in extreme lockdown measures at the prison where he is housed, which meant he had little to no access to the law library, education materials, and mail matter for most of 2020, and that these limitations prevented Barga from timely filing his § 2255 petition." (*Id.* at 4). As noted by Judge Stinnett, the United States did not dispute any of these facts. (*Id.* at 5).

However, Judge Stinnett was not persuaded that Barga was entitled to equitable tolling. (*Id.*). While Judge Stinnett acknowledged that COVID-19 lockdowns have "impacted incarcerated individuals' ability to file documents with the Courts . . . this is insufficient to warrant relief" because "Barga cannot show that he diligently pursued his rights." (*Id.*). For example, Judge Stinnett pointed out that Barga did not communicate with this Court or the Sixth Circuit between his sentencing in December 2019 and the beginning of the COVID prison lockdowns in April 2020. (*Id.*).

Judge Stinnett further explained that the relationship between COVID-19 and equitable tolling has been examined by other courts. (*Id.*). In one Eastern District of Missouri case, the court clarified that where "§ 2255 petitioners have sought equitable tolling due to prison lockdowns and the closure of prison law libraries as a result of COVID-19 . . . prisoners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion prior to the lockdown." (*Id.*) (quoting *Taylor v. United States*, No. 4:20-CV-1489, 2021 WL 1164813, at *3 (E.D. Mo.

3

Mar. 26, 2021) (internal quotations omitted)).  Judge Stinnett ultimately found that Barga did not diligently pursue his rights and "[h]is general arguments about lockdown and lack of access to the law library are insufficient to justify equitable tolling."  (*Id.* at 6).

Next, Judge Stinnett determined that an evidentiary hearing was unnecessary and no certificate of appealability shall be issued.  (*Id.* at 6-7).  As Judge Stinnett recommended denying Barga's Motion on timeliness grounds, he did not reach the merits of Barga's ineffective-assistance-of-counsel claims.

## III.   ANALYSIS

### A.   Standard of Review

The district court reviews de novo "any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1);  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  Where there are no objections, or the objections are vague or conclusory, the Court is not required to review the Defendant's claims.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Jenkins*, No. 6:12-cr-13-GFVT, 2017 WL 3431834, at *1 (E.D. Ky. Aug. 8, 2017). Allegations in *pro se* habeas complaints are held to a less stringent standard and are construed liberally, however "inartfully pleaded."  *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

An objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *United States v. Shephard*, No. 5:09-cr-81-DLB, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)).  Thus, "objections that merely restate

arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived." *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011). Where an objection is simply a repetition of what the Magistrate Judge has already considered, it fails "to put the Court on notice of any potential errors in the Magistrate's R&R." *Shephard*, 2016 WL 9115464, at *1 (citing *VanDiver*, 304 F. Supp. 2d at 938). The Court adopts the findings of fact and conclusions of law in the Recommended Disposition to which Defendant has not objected. *Arn*, 474 U.S. at 150.

**B.   Objections**

Barga objects to Judge Stinnett's determination that his § 2255 Motion is time-barred and that equitable tolling does not apply. First, Barga argues that Judge Stinnett incorrectly determined that the judgment became final on December 30, 2019—instead Barga argues his conviction did not become final until ninety days after the judgment of conviction was entered. (Doc. # 48 at 2).

Judge Stinnett did not err in concluding that Barga's Motion under § 2255 was untimely, as calculated from December 30, 2019. As discussed by Judge Stinnett, a one-year limitations period applies to motions brought under § 2255. 28 U.S.C. § 2255(f). The limitation period applicable to Barga's case is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Judge Stinnett determined that Barga's conviction became final fourteen days after the entry of judgment, which marks the expiration of the period where Barga could have appealed his conviction. (Doc. # 46 at 3). Barga instead argues that under *Clay v. United States*, 537 U.S. 522 (2003), his conviction became final ninety days after judgment was entered—which would have been

March 16, 2020. (Doc. # 48 at 2-3). However, it is unclear how this would assist Barga's argument considering his § 2255 Motion was not filed until April 5, 2021. Regardless, *Clay* does not apply in Defendant's factual circumstance. In *Clay*, the Supreme Court held that a defendant's "judgment of conviction becomes final when the time expires for filing a petition for certiorari *contesting the appellate court's affirmation of the conviction.*" 537 U.S. at 525 (emphasis added). Here, Barga did not appeal his judgment of conviction to the Sixth Circuit, so the ninety-day timeframe laid out in *Clay* is inapplicable to his situation. Judge Stinnett correctly relied on *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004), which aptly explained the distinction between the scenario in *Clay* and Barga's factual circumstances:

> When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed. By parity of reasoning, when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed.

(internal citations omitted). This same reasoning has been applied by the Sixth Circuit as recently as 2021. *See Whiteside v. United States*, No. 20-6144, 2021 WL 1400908, at *1 (6th Cir. Feb. 21, 2021) ("Because Whiteside did not appeal his judgment of conviction, it became final when his time to appeal expired. Under Federal Rule of Appellate Procedure 4(b)(1)(A), Whiteside had fourteen days after his judgment was entered . . . to appeal.") (internal citations omitted).

It is undisputed that Barga did not file within one year of December 30, 2019—the date his judgment of conviction became final. Therefore, Barga's first Objection is **overruled**.

6

Accordingly, the only avenue Barga may rely on to bypass the statute of limitations imposed by § 2255(f)(1) is the judge-made doctrine of equitable tolling.  Barga objects to Judge Stinnett's finding that he did not diligently pursue his rights.  (Doc. # 48 at 4).  Barga argues that he was unable to obtain the § 2255 form, as he was unable to access the law library, and his attempts to get the form from prison staff and the Court clerk were apparently unsuccessful.  (*Id.* at 4-5).

However, the Court disagrees.  Barga cannot benefit from equitable tolling because he has not demonstrated that he was diligent in pursuing his rights.  "A petitioner is entitled to equitable tolling 'only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  As explained by Judge Stinnett, Barga "offers no explanation for failing to file an appeal, a § 2255 motion, or otherwise correspond with the Court or the Sixth Circuit in the three and a half months between his sentencing on December 16, 2019, and the beginning of the lockdown at his prison facility on April 1, 2020."  (Doc. # 46 at 5).  This failure is still unaddressed in Barga's objections.  Instead, Barga states that he did not take these actions because at the time of the April 1, 2020 lockdown, he "had only been sentenced three months" and "no 2255 due date was impending."  (Doc. # 48 at 5).

In *United States v. West*, __ F.Supp.3d __, 2022 WL 44670 (N.D. Ohio Jan. 5, 2022), the Northern District of Ohio explained a factually analogous situation and determined equitable tolling was not applicable.  The court found that the defendant "had approximately three months to file a timely motion before the pandemic ever began," was

7

aware of the bases for his ineffective assistance of counsel claim and failed "to demonstrate that he diligently pursued his claims (or even took *any* action) before the COVID-19 health crisis took hold is fatal to his timeliness argument." *Id.* at *4; *see also Chapman-Sexton v. United States*, Nos. 2:20-CV-3661, 2:16-CR-0141(1), 2021 WL 292027 (S.D. Ohio Jan. 28, 2021). Likewise, Barga had at least three months to file his § 2255 motion prior to the pandemic, now only brings ineffective assistance of counsel claims that he was aware of well before the pandemic began, and cannot point to any actions he took prior to the beginning of the pandemic in order to diligently protect his rights.

The other obstacles Barga faced in filing, including lack of access to the prison law library and prison lockdowns, likewise are not sufficient to require equitable tolling. The Sixth Circuit has frequently rejected the idea that these types of hurdles require the application of equitable tolling. *See, e.g.*, *Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017) ("Courts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition," specifically when a petitioner "[does] not explain how he diligently pursued his rights"); *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d at 750-52 (6th Cir. 2011) (concluding that prisoner's *pro se* status, limited law-library access, and inability to access trial transcripts were not enough to warrant equitable tolling). Accordingly, Barga's second Objection is **overruled**.

**IV.    CERTIFICATE OF APPEALABILITY**

When a § 2255 is denied on procedural grounds, instead of on the merits, a certificate of appealability should issue if petitioner shows "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Considering the arguments put forth by the parties, reasonable jurists could not debate whether Barga's § 2255 Motion should be dismissed as time-barred. Therefore, no Certificate of Appealability shall issue.

**V.    CONCLUSION**

For the reasons stated herein, **IT IS ORDERED** as follows:

(1)    The Report & Recommendation of Judge Stinnett (Doc. # 46) is **ADOPTED** as the findings of fact and conclusions of law of the Court;

(2)    Defendant's Objections (Doc. # 48) are **OVERRULED**;

(3)    Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 39) is **DENIED**;

(4)    This matter is **DISMISSED with prejudice** and **STRICKEN** from the Court's active docket;

(5)    For the reasons set forth herein and in Judge Stinnett's Report and Recommendation (Doc. # 46), the Court determines that there is no arguable merit for an appeal in this matter and, therefore, **A CERTIFICATE OF APPEALABILITY SHALL NOT ISSUE**; and

(6)    A separate Judgment will be filed herewith.

This 26th day of May, 2022.



Signed By:
*David L. Bunning*  DB
United States District Judge

O:\DATA\ORDERS\Covington Criminal\2019\19-45 Order Adopting R&R.docx